IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| THOMAS E. LANDRETH, | ) |
| --- | --- |
| | ) |
| Petitioner, | ) |
| vs. | ) Case Number CIV-14-14-C |
| | ) |
| KAMERON HARVANEK, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION AND ORDER**

This action for habeas corpus relief brought by a prisoner, proceeding pro se, was referred to United States Magistrate Judge Shon T. Erwin, consistent with the provisions of 28 U.S.C. § 636(b)(1)(B). Judge Erwin entered a Report and Recommendation ("R&R") on March 24, 2014, to which Respondent has timely objected. The Court therefore considers the matter de novo.

In the R&R, Judge Erwin recommended that Petitioner's action be dismissed for failure to exhaust. According to Judge Erwin, Petitioner should have attempted to obtain leave to file a direct appeal out of time in state court prior to pursuing this habeas action. Judge Erwin noted that dismissal rather than stay was appropriate because Petitioner's claim lacked merit. Petitioner objects, arguing that Judge Erwin misconstrued the applicable state rules in determining when a request to appeal out of time could be pursued. Petitioner does not offer any evidence or argument to rebut Judge Erwin's determination that Petitioner's claim lacks merit.

Upon de novo review, the Court finds that Judge Erwin correctly addressed Petitioner's case. First, as noted by Judge Erwin, Petitioner has failed to exhaust his available state court remedies. Section 2254(c) states: "An applicant shall not be deemed to have exhausted the

remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." Even under the arguments raised by Petitioner, there is a process available to pursue his claims in state court. Consequently, as Judge Erwin noted, Petitioner has failed to exhaust.

Judge Erwin also noted that Petitioner's claim should be dismissed rather than stayed. This position is also correct. Petitioner complains that his sentence violates state law. Nowhere in his Petition or Objection to the R&R does Petitioner make an argument that the actions of the state court in determining his sentence were in violation of the Constitution or law or treaties of the United States. 28 U.S.C. § 2254(a). Without such a claim, relief under § 2254 is unavailable.

For the reasons set forth herein, the Court adopts, in its entirety, the Report and Recommendation of the Magistrate Judge (Dkt. No. 13), and for the reasons announced therein, this petition for habeas corpus relief is dismissed, without prejudice. A judgment will enter accordingly.

IT IS SO ORDERED this 9th day of April, 2014.

ROBIN J. CAUTHRON
United States District Judge